RELATED DDJ

Lynn Macy "In Pro Per"
P.O. Box #103
Twin Peaks, CA 92391
Phone #: (909) 744 -8480
E-mail: macybuilders@yahoo.com

**FILED**
CLERK, U.S. DISTRICT COURT

**05/01/2024**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ AP _____ DEPUTY

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION

LYNN MACY, as an individual,

PLAINTIFF,

vs.

SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT TWIN PEAKS PATROL STATION, a public entity,

DEFENDANT.

Case No.: 5:24-cv-00930-KK(DTB)

COMPLAINT FOR DAMMAGES AND DEMAND FOR JURY TRIAL:

**(1)** Police Misconduct.
**(2)** Emotional Distress.
**(3)** Cover up.
**(4)** Failure to do Public Record's Requests.
**(5)** Municipal and Supervisory Liability (42 U.S.C. § 1983).
**(6)** Negligence.
**(7)** Conspiracy.

**[DEMAND FOR JURY TRIAL]**

*"When a man assumes a public trust, he should consider himself as public property, & justly liable to the inspection & vigilance of public opinion; & the more sensibly he is made to feel his dependence, the less danger will there be of his abuse of power — The abuse of power, that rock on which good governments, & the people's rights, have been so often wrecked." - Thomas Jefferson (U.S. Constitution)*

PLAINTIFF LYNN MACY, through their undersigned counsel, hereby files this Complaint against Defendant San Bernardino County Sheriff's Department Twin Peaks Patrol Station, inclusive (collectively "County Sheriff Officers"), alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3-4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §§ 1983 & 1985, the Fourth & Fourteenth Amendments of the United States Constitution. This court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367

PAGE 1

because those are so related to PLAINTIFF's federal claims that the claims form part of the same case and/or controversy pursuant to Article III of the United States Constitution.

2. Venue is properly founded in this judicial district pursuant to 28 USC §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claims in this action occurred within this District and Defendants are subject to personal jurisdiction in this district.

## PARTIES

3. PLAINTIFF LYNN MACY, is a citizen of the State of California, and at all relevant times herein was a resident in San Bernardino County in the State of California.

4. Defendant San Bernardino County Sheriff's Department Twin Peaks Patrol Station is and at all times relevant a public entity located in the County of San Bernardino and existing under the laws of the State of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Each and every allegation set forth in each and every averment and allegation of this pleading hereby is incorporated by this reference in each and every averment and allegation of this pleading.

6. I am informed and believe that on 7/31/20 someone put a "FREE" sign on Plaintiff's ornate fences (1st saw the sign when Plaintiff arrived at MacyLand property around 11:30 AM). Plaintiff took a picture of the sign, then took it off. Later, on the same day, after Plaintiff & Family cleaned MacyLand property around 6 PM, drove up, & saw another "FREE" sign on Plaintiff's fences again. Macy Family took a picture then took the "FREE" sign down again. Macy Family also informed the neighbor across the street, named Susan to be on the lookout for who is putting the "FREE" sign on our fences. Plaintiff called 911 and Defendants never showed up.

7. I am informed and believe that at around 8 PM on 7/31/20, Plaintiff & Family saw a black Subaru car [#1]; license plate #AZ08V93 parked on Plaintiff's private property. (Trespassing, abandoned vehicle, no rear or front license plate existed, citizen's arrest, unknown owner, stolen vehicle?) Plaintiff & Family called 911. When Plaintiff & Family was calling, a young black man walked up & threatened Plaintiff & Family saying, "You better back off or I will knock your ass out!" A black older man, neighbor with a pointed spade shovel in hand, came up & said, "You need back up?" Then young black male criminal drug dealer got into

PAGE 2

Subaru car & zoomed away super-fast. 5-7 minutes later. After a big 4x4 white truck [#2] with the license plate #61870W2 sped by the Plaintiff & Family's red truck; past Plaintiff's private property dirt road. Minutes later big white truck turned back around, drove by Plaintiff & family illegally fast again. Around 9 PM, Plaintiff & Family was driving home & saw the same big white truck & black Subaru; at the corner of Mojave River RD & Crest Forest Drive, Cedarpines Park, CA 92322. Plaintiff's son Jeff Macy called 911 again for help. While Plaintiff's son Jeff Macy was on the phone, another sports car [#3] coming from Crest Forest Drive & a green jeep [#4]; driven by the neighbor black man coming from Mojave River RD showed up. The green jeep blocked, detained, & prevented Plaintiff & Family from escaping or driving away. Intentionally blocked behind Plaintiff & Family truck, so family could not escape! White truck & sports car parked in front of Macy Family truck. The young black criminal male eventually got out of the white truck, jumped into the black Subaru [#1] with no license plates, then high speed, illegally sped away on Crest Forest Drive. The green jeep [#4] backed out quickly & drove back to his house on Mojave River RD. The white truck [#2] & sports car [#3] left downhill on Crest Forest Dr. Plaintiff & Family waited for a while for fear of lives. Defendant's County Sheriffs never showed up or called Plaintiff & family back.

8. I am informed and believe that on 8/4/20 at around 10:30 AM, Defendant's County Sheriff Officer pulled Plaintiff & Family over on Mojave River RD. Defendant's County Sheriff Officer stopped Plaintiff & Family for more than 30 minutes, asking several questions like, "How much is your 36-acre lake view property worth?" Plaintiff's son Jeff Macy replied, "I don't know, probably worth a lot, why? Defendant's Officer also asked, "How many millions is your private property worth?" –At this point Plaintiff's son Jeff Macy was very concerned! Plaintiff's son Jeff Macy asked Defendant's Sheriff, "Are you going to investigate our private property damages?" Then Defendant's County Sheriff refused to answer question & said, "I have a call & have to go." Defendant's Officer drove away.

9. I am informed and believe that at around 4 PM on 8/4/20, County Code Enforcement Officer Pedro Moreno had a badge, showed up, & illegally detained Plaintiff & family from cleaning up trash. County Code Enforcement Officer trespassed onto Plaintiff's private property. Plaintiff called County Code Enforcement to report civil rights violations. County Officer Pedro illegally took pictures of Plaintiff's red 4x4 Ford truck license

plate; full of trash from County CSA-18's illegal dumping for years. Plaintiff & Family called 911, but Defendants never came or called back to investigate.

10. I am informed and believe that on 9/9/20, Plaintiff & Family went over to MacyLand property at around 5 PM & saw cables (that Plaintiff & Family put up to secure MacyLand property's 4 entrances) were cut up in 3 different places & on the ground. Plaintiff & Family's glass mason jar lights were scattered & shattered glass was across Plaintiff & Family's private road, creating a hazardous condition. Plaintiff & Family has photos of cut & destroyed cables. San Bernardino County Code Enforcement gave Plaintiff ticket of violation for hazardous glass & trash on road which was caused by County. Defendant once again would not show up when Plaintiff's called 911.

11. I am informed and believe that on 9/9/20 Plaintiff & Family were cleaning MacyLand & saw Plaintiff's U.S. FLAG was illegally removed. Plaintiff & Family's Military grade, high quality, parachute material hammocks were destroyed. Plaintiff & Family had 3 different shades of green hammocks which were destroyed, cut by pocket knife multiple times. Shredded Hammocks were left on Plaintiff's Property. Defendants have provided no security for Plaintiff's private property; Defendants are not taking their job seriously & not helping Plaintiff & Family. Plaintiff's 2 rope swings, high quality, expensive thick ropes were stolen. Plaintiff & Family went out to clean up trash that County keeps giving Plaintiff tickets of violations to clean up. Plaintiff & Family called 911, but Defendant's Officers never showed up to investigate or make a report.

12. I am informed and believe that there was an abandoned truck vehicle (decrepit truck was on the neighbor's property bordering MacyLand), which was illegally dragged onto Macy Family's property. Plaintiff & Family called the Defendant's County Sheriff & this time 2 Defendant's County Sheriffs came out to make a report, but never followed up with Plaintiff & Family's report. Defendant's County Sheriff Officer Maestas said, "I will be back tomorrow (9/10/20) to talk to the neighbors." Instead of helping Macy Family tow truck away, Defendant's County Sheriffs disappeared & never showed up again; no case # was given. There were clear fresh drag marks on the ground from neighbor's property, past clearly identified survey markers, over to Plaintiff's private property. Neighbors were evil & moved abandoned vehicle to MacyLand to make Plaintiff deal with the neighbor's abandoned truck instead.

PAGE 4

13. I am informed and believe that on the same **9/9/20** day, Plaintiff's neighbor Mark Eason admitted to shooting rattlesnake with Eason's shotgun on Plaintiff's property. Mark Eason also admitted to placing rattlesnake **10'** clearly onto Plaintiff's property; on top of a round log, in plain sight. Eason intentionally placed rattlesnake on Plaintiff's log to intimidate & scare Plaintiff's grandchildren. Plaintiff & Family called **911** and Defendant's Officer did come out. Mark Eason even admitted to Defendant's Officer County Sheriff Maestas that Mark Eason shot rattlesnake outside in public, but was not arrested or given a ticket. Case **#052001280**. County Sheriff Maestas should have arrested Mark Eason for admitting to using shotgun on Plaintiff's Property to kill Rattlesnake & throw on Plaintiff's log. Instead, continued history of failure of duty, negligence, & Police Misconduct. Pattern of County Sheriffs not doing their job. Plaintiff has pictures of dead rattlesnake on log; which Defendant's County Sheriff Maestas refused to dispose of or call animal control for. County Sheriff Maestas is liable, left dangerous situation, & negligence there. Plaintiff's son Jeff Macy even asked County Sheriff Maestas to remove rattlesnake, which County Sheriff Maestas would not do. According to https://wildlife.ca.gov/Conservation/Reptiles/Rattlesnake: "DO NOT try to touch or handle a snake, dead or alive. Dead rattlers may still inject venom shortly after death." Rattlesnake bites can cause severe injury or death. Defendant's County Sheriff Maestas kept yelling at Plaintiff's son Jeff Macy; also yelled, "I don't work for you (Jeff Macy)."

14. I am informed and believe that on **9/17/20**, **2** EHE Surveyors did survey for Plaintiff's property. Plaintiff's daughter-in-law Julie Macy was taking pictures of all survey markers of Plaintiff's property lines put in by EHE Surveyors. Neighbor Linda Koupeny came out & battered Plaintiff's daughter-in-law Julie Macy & Plaintiff's grandson Josiah Macy; with high pressure spray in mouths and noses with water hose in their faces, so they couldn't breathe. EHE Surveyors also witnessed Julie Macy & Josiah Macy getting battered with water hose in their faces. EHE Surveyor Matthew suggested that Julie Macy call the Sheriff. Julie Macy video recorded Neighbor Linda Koupeny's actions & then called the Sheriff. Defendant's County Sheriff Robert Maestas showed up & gave Neighbor Linda Koupeny ticket for battery instead of arresting Linda Koupeny. Case **#052001326** Linda Koupeny has been charged with battery against Julie & Josiah Macy on Plaintiff's property, at disputed fence line. Same day, Plaintiff & Family noticed Plaintiff's fences that were chained &

locked to tree on Plaintiff's property were gone & stolen. Plaintiff & Family also reported stolen fences to Defendant's Officer. County Sheriff Maestas said stolen fences would be added to **9/9/20** case, but Defendant's Officer never called Plaintiff & Family back or followed up.

15. I am informed and believe that on **10/2/20**, Macy Family went to Plaintiff's property at around **3** PM. Plaintiff & Family noticed that Plaintiff's **2** signs, which were mounted on Plaintiff's property corner were removed. Macy Family later found signs & cut down cables; thrown down Plaintiff's property hill. Macy Family called Defendant's County Sheriff. County Sheriff Maestas showed up & said Defendant's Officer would investigate about the signs.

16. I am informed and believe that there were **8** Police Misconducts on **10/2/20**: Police Misconduct #1 County Sheriff Maestas trespassed on Plaintiff's private road, Defendant's Officer was supposed to meet at top entrance of MacyLand property to investigate Macy Family's stolen no trespassing signs/cut cables etc.]. County Sheriff Maestas said, "I noticed the cables have been cut down again", but asked more questions about the broken, trashed, faded ½ of sign that neighbor called in saying, Plaintiff's son Jeff Macy took their sign. Police Misconduct #2 County Sheriff Maestas instead of helping Plaintiff & Family, which County Sheriff Maestas was called out for: felony, instead turned on Plaintiff & Family; did more investigation about allegation of petty theft broken, trash ½ of sign. [Yet told Sheriff was a vacant land owner's sign, who was not around] Macy Family was cleaning up MacyLand property & faded ½ of **1** part of a trashed, broken in ½ faded sign; lying face down on Plaintiff's property. Plaintiff's son Jeff Macy picked up faded ½ of sign & threw faded ½ of sign in back of dump truck with trash to throw away. Broken up, $0 value plastic, trash ½ of sign was in back of Macy Family trash truck to take to dump; for County Code Enforcement ticket fine given to Plaintiff to clean up trash. Defendant's Officer talked more about the trashed, faded ½ of sign Jeff Macy picked up, rather than Macy Family's signs & cut down cables which he was called out for from Macy's. County Sheriff Maestas never turned $0 value plastic, trashed, faded ½ of sign into evidence. Police Misconduct #3 Defendant's County Sheriff Maestas gave sign to Hearsay neighbor instead of taking the $0 value, faded ½ plastic, trash sign into evidence. [Required for a criminal charge] County Sheriff Maestas drove up road to give neighbor $0 value plastic, trashed, faded ½ of sign! Hearsay neighbor called in, saying, "Not owner of vacant property lot, but has authority to call on

behalf of owner?". Hearsay neighbor had "No Trespassing" sign on unknown vacant lot owner's property. County Sheriff Maestas doesn't even know how to do job, doesn't even understand chain of custody with evidence. Police Misconduct #4 Neighbor admitted to knowing who's illegally dumping trash on Plaintiff's property. County Sheriff Maestas failed to investigate admission of guilt for a neighbor's vacant property. Neighbor should have been arrested for admission of guilt, County Sheriff Maestas did not do follow up investigation or call Plaintiff & Family back. Police Misconduct #5 County Sheriff Maestas cannot charge petty theft for broken up, $0 value plastic, trashed, faded ½ sign. Police Misconduct #6 County Sheriff Maestas drove down dirt road fast, reckless driving, yelling at Plaintiff's son Jeff Macy in front of family for picking up trash because of County notice. Police Misconduct #7 Hearsay Neighbor did a False Police report against Plaintiff & Family. Hearsay neighbor does not even own property that supposed 0 value plastic sign was located on. Plaintiff & Family never met accuser. The original reason Defendant's County Sheriff Maestas was called out, was for Macy Family's signs & cut down cables. Police Misconduct #8 Later, at 5:30 PM an abandoned vehicle trespassed & parked onto Plaintiff'ss private property; in front of clearly identified "No Trespassing" signs. Blocking Plaintiff's parking entrance. Plaintiff & Family called 911, but Defendant's County Sheriffs never showed up. Plaintiff & Family waited in the cold for over 1 hour, then drove home after realizing County Sheriffs were not going to come.

17. I am informed and believe that on 10/16/20, 4 days before Plaintiff & Family put up a top-of-the-line trail, battery operated, self-sufficient camera on tree aimed at Plaintiff's private road to collect evidence for who was stealing Plaintiff's property no trespassing signs. The neighbor Linda Koupeny was watching Macy Family put up camera from window at around 3 PM. Plaintiff & Family went to Plaintiff's property to clean up trash & found out that someone stole the camera put up on 10/12/20. Plaintiff & Family called 911 at 3:11 PM to report stolen camera. Linda Koupeny on Facebook said Koupeny did something about the trail camera right away, Macy's provided evidence of the Facebook post. 2 County Sheriffs didn't do anything about the admission of guilt from the Facebook post. Defendant's 2 County Sheriffs showed up at around 4 PM & talked to Plaintiff's son Jeff Macy. The 2 County Sheriffs were aggressive & mean. The 2 County Sheriffs tried to turn on Jeff Macy to say, "Trail camera is looking into neighbor's window"; when the trail

camera was aimed at the Plaintiff's private road. The **2** County Sheriffs went to talk to neighbors. County Sheriffs also gave Jeff Macy & Plaintiff's Family permission to clean up trash, which neighbors put on Plaintiff's road to block MacyLand. Defendant's County Sheriffs wrote about stolen camera & trash on the report, but did not give police report to Plaintiff & Family. San Bernardino County Code Enforcement gave Macy Family ticket of violation for trash neighbors put on Macy Family's road.

18. I am informed and believe that on **10/24/20**, Plaintiff & Family went over to MacyLand at around **1** PM & the pole with written "Macy Land" sign was stolen (on the corner of Plaintiff's property.) Jeff Macy called **911.** Defendant's County Sheriff came over to take the report. Case #**052001506** Sheriff left scary skeleton on Plaintiff's property. Plaintiff owns deck, which witchcraft sign, skeleton, "crazy cat lady" sign are on. All County Sheriff said was, "it is civil, I can't do anything about it". Plaintiff & Family is being bullied & intimidated. Linda Koupeny "Crazy Cat Lady" threatened, "I will kill you (Jeff Macy) if you ever touch or get near my cats." Neighbors purposely leave "Crazy Cat Lady" sign on tree pointed towards MacyLand to intimidate Plaintiff & Family. Mark Eason & Linda Koupeny are also preventing Plaintiff & Family from developing Plaintiff's property, & have told the neighbors so. Linda Koupeny yells at Plaintiff & Family ["Go away"] every single time Plaintiff & Family is at MacyLand property cleaning up trash. Also preventing Plaintiff & Family from cleaning near MacyLand property line. In front of Plaintiff's grandkids, including Jedidiah Macy **11**-years-old. Calling Jeff Macy, "an a--hole, false prophet, fake, & a liar." Plaintiff & Family has never said anything mean to Mark Eason or Linda Koupeny ever. Mark Eason & Linda Koupeny are suspected of felony theft of Macy Family fences & destruction of private property. Police Report Case #**052001280** Cut down Plaintiff's cables & removed no trespassing signs.

19. I am informed and believe that on Christmas Eve at around **8:15** PM Defendant's County Sheriff Maestas showed up at Plaintiff & Family's residence to give Jeff Macy a citizen's arrest ticket for trashed, broken up, faded ½ of sign, picked up, & cleaned off of Macy Family property weeks before. County Sheriff Maestas' Illegal Detainment of Jeff Macy for broken up, trashed, faded ½ of sign, ticket. Jeff Macy appealed false ticket & won on appeal. Another history of Police Misconduct, Negligence, & False Ticket.

20. I am informed and believe that at nighttime, pitch black, Plaintiff & Family was on MacyLand; suspicious unknown drones with flickering,

PAGE 8

flashing lights flew over Plaintiff's private property & followed Plaintiff & Family around. Suspicious unknown drones were spying on Plaintiff & Family for a very long time; hovering over Plaintiff & Family. Defendant's County Sheriffs never investigated or came out for suspicious unknown drones or who sent/controlled suspicious unknown drones. When Plaintiff & Family drove away, Plaintiff & Family was followed home from Cedarpines Park to Twin Peaks, CA by 1 black vehicle for over 40 minutes. Every time Plaintiff & Family pulled over, black vehicle stalking Plaintiff & Family would also pull over. Plaintiff & Family had to pull over multiple times, in hopes that black vehicle would stop following Plaintiff & Family.

21. I am informed and believe that Defendant's County Sheriff Officer Maestas has not investigated on many occasions when called or "if" shows up to MacyLand. Plaintiff & Family are being targeted for being a non-profit Religious Facility & Religious Organization. 1611 Bible Translator & Scribes Macy Family. County Sheriff Maestas showed up for felony theft allegations of Macy Family Property numerous times. Plaintiff & Family has lost many chains, cables, glass lights, signs, & cameras. County is trying to take Plaintiff's Property for free. County Sheriffs are helping to cover up for County. Plaintiff & Family has called at least 6x, without Defendant's County Sheriffs showing up. County Sheriffs have stopped coming out to MacyLand to help Macy Family, because County Sheriffs are covering up for County CSA-18.

22. I am informed and believe that:
https://www.youtube.com/watch?v=YXI7Py_X4pg At 3:11, video on 3/8/2024 at 11:21 AM; County Sheriff Maestas lied, said, "I have never arrested you (Jeff Macy)." At 4:00 of video, County Sheriff Maestas refused to answer: if County Sheriff Maestas was going to follow up. County Sheriff Maestas only said, "I have the documents." Later that day, Defendant's County Watch Commander Sergeant Popa said, "I do not know I have to have my ID on my Uniform." County Watch Commander Sergeant Popa said on phone, "Not going to investigate." County Watch Commander Sergeant Popa did not know had to be courteous, only thought professional.

23. I am informed and believe that Defendant's code of ethics:
https://wp.sbCounty.gov/sheriff/about-us/ As a law enforcement officer, my fundamental duty is to serve mankind; to safeguard lives & property; to protect the innocent against deception, the weak against oppression or intimidation, & the peaceful against violence or disorder; & to respect

PAGE 9

the constitutional rights of all men to liberty, equality, & justice. I will keep my private life unsullied as an example to all; maintain courageous calm in the face of danger, scorn, or ridicule; develop self-restraint; & be constantly mindful of the welfare of others. Honest in thought & deed in both my personal & official life, I will be exemplary in obeying the laws of the land & the regulations of my department. Whatever I see or hear of a confidential nature or that is confided to me in my official capacity, will be kept ever secret unless revelation is necessary in the performance of my duty. I will never act officiously or permit personal feelings, prejudices, animosities, or friendships to influence my decisions. With no compromise for crime & with relentless prosecution of criminals, I will enforce the law courteously & appropriately without fear or favor, malice or ill will, never employing unnecessary force or violence & never accepting gratuities. I recognize the badge of my office as a symbol of public faith, & I accepted it as a public trust to be held as long as I am true to the ethics of the police service. I will constantly strive to achieve these objectives & ideals, dedicating myself before GOD to my chosen profession…law enforcement. B. All requests will be handled in a timely manner: The PRA requires public agencies to initially respond to a request for records within ten calendar days (this time limit may be extended by 14 days in certain circumstances). CSD will inform the requestor of the status of the request within ten days, & further inform the requestor of an estimated timeframe for completion. Section 6253 of the Government Code, which sets forth the 10-day compliance period under the Public Records Act, simply states that a response shall be made "within 10 days from receipt of the request."

## FIRST CAUSE OF ACTION

### Police Misconduct

### (By Plaintiffs Against Defendant San Bernardino County Sheriff's Department

### Twin Peaks Patrol Station)

24. Plaintiffs hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 23, inclusive.

25. Defendant's County Sheriff Officers are not showing up to investigate, or do their job! Defendants are refusing to go to MacyLand to help

Plaintiff's religious development; for Sheriffs already know that another County department: CSA-**18** is committing said crimes against Plaintiff. County Sheriff Officers are not investigating County CSA-**18** as part of continued cover up. Defendant's Officers are not calling Plaintiff back in regards to what's happening on Plaintiff's MacyLand property. Defendant's Officer told Plaintiff, "We (Sheriff's) don't normally arrest County employees". When Defendant San Bernardino County Sheriff's Department Twin Peaks Patrol Station found out that San Bernardino County CSA-**18** Special Districts were the ones doing criminal activity on Plaintiff's private religious property; County Sheriff Officer's stopped coming out to help Plaintiff. Defendants stopped doing Sheriff's required job for the Plaintiff for years. County CSA-**18** has admitted to cutting & stealing Plaintiff's: cables, bolts, signs, & shattered, broken multiple glass lights. County caused dangerous, hazardous conditions to exist; on Plaintiff's private road. Harassed Plaintiff & Family multiple times for years, saying, "Criminal destruction of private religious property is a civil issue?" At least **6**x Defendant's County Sheriff Officer's never/refused to come to Plaintiff's property to even investigate; when called for emergency situations!

26. Defendant's County Sheriff Officers are helping San Bernardino County, CA cover up numerous crimes from multiple County departments (such as: County CSA-**18**, Sheriff's, County Code enforcement, County Fire Hazard Abatement, County Public works, County Waste Management, Cedarpines Park Mutual Water Company, Neighbors, County Records Requests, County Department of Risk Management, & County Counsel).

27. Plaintiff's neighbor Mark Eason admitted to shooting rattlesnake with Eason's shotgun on Plaintiff's property. Mark Eason also admitted to placing rattlesnake 10' clearly onto Plaintiff's property; on top of a round log, in plain sight. Eason intentionally placed rattlesnake on Plaintiff's log to intimidate & scare Plaintiff's grandchildren. Case #052001280. Defendant's County Sheriff Maestas should have arrested Mark Eason for admitting to using shotgun on Plaintiff's Property to kill Rattlesnake & throw on Plaintiff's log. Instead, continued history of failure of duty, negligence, & Police Misconduct.

28. Defendant's County Sheriff Maestas trespassed onto Plaintiff's private road, Defendant's Officer was supposed to meet at top entrance of MacyLand property to investigate Macy Family's stolen no trespassing signs/cut cables etc. County Sheriff Maestas said, "I noticed the cables have been cut down again", but asked more questions about the broken, trashed, faded ½ of sign that neighbor called in saying, Plaintiff's son Jeff Macy took their sign.

29. Defendant's County Sheriff Maestas did more investigation about allegation of petty theft broken, trash ½ of sign, instead of investigating Plaintiff & Family's cables & signs. Macy Family was cleaning up MacyLand property & faded ½ of 1 part of a trashed, broken in ½ faded sign; lying face down on Plaintiff's property. Plaintiff's son Jeff Macy picked up faded ½ of sign & threw faded ½ of sign in back of dump truck with trash to throw away. Broken up, $0 value plastic, trash ½ of sign was in back of Macy Family trash truck to take to dump; for County Code Enforcement ticket fine given to Plaintiff to clean up trash. Defendant's Officer talked more about the trashed, faded ½ of sign Jeff

Macy picked up, rather than Macy Family's signs & cut down cables which he was called out for from Macy's. County Sheriff Maestas never turned $0 value plastic, trashed, faded ½ of sign into evidence.

30. Defendant's County Sheriff Maestas gave sign to Hearsay neighbor instead of taking the $0 value, faded ½ plastic, trash sign into evidence. [Required for a criminal charge] County Sheriff Maestas drove up road to give neighbor $0 value plastic, trashed, faded ½ of sign! Hearsay neighbor called in, saying, "Not owner of vacant property lot, but has authority to call on behalf of owner?". Hearsay neighbor had "No Trespassing" sign on unknown vacant lot owner's property. County Sheriff Maestas doesn't even know how to do job, doesn't even understand chain of custody with evidence.

31. Neighbor admitted to knowing who's illegally dumping trash on Plaintiff's property. County Sheriff Maestas failed to investigate admission of guilt for a neighbor's vacant property. Neighbor should have been arrested for admission of guilt, County Sheriff Maestas did not do follow up investigation or call Plaintiff & Family back.

32. Defendant's County Sheriff Maestas cannot charge petty theft for broken up, $0 value plastic, trashed, faded ½ sign.

33. Defendant's County Sheriff Maestas drove down dirt road fast, reckless driving, yelling at Plaintiff's son Jeff Macy in front of family for picking up trash because of County notice.

34. Hearsay Neighbor did a False Police report against Plaintiff & Family. Hearsay neighbor does not even own property that supposed 0 value plastic sign was located on. Plaintiff & Family never met accuser. The

PAGE 13

original reason Defendant's County Sheriff Maestas was called out, was for Macy Family's signs & cut down cables.

35. There was an abandoned vehicle trespassed & parked onto Plaintiff's private property; in front of clearly identified "No Trespassing" signs. Blocking Plaintiff's parking entrance. Plaintiff & Family called 911, but Defendant's County Sheriffs never showed up. Plaintiff & Family waited in the cold for over 1 hour, then drove home after realizing County Sheriffs were not going to come.

36. I am informed and believe that on Christmas Eve at around 8:15 PM Defendant's County Sheriff Maestas showed up at Plaintiff & Family's residence to give Jeff Macy a citizen's arrest ticket for trashed, broken up, faded ½ of sign, picked up, & cleaned off of Macy Family property weeks before. County Sheriff Maestas' Illegal Detainment of Jeff Macy for broken up, trashed, faded ½ of sign, ticket. Jeff Macy appealed false ticket & won on appeal. Another history of Police Misconduct, Negligence, & False Ticket.

**<u>SECOND CAUSE OF ACTION</u>**

**Emotional Distress**

**(By Plaintiffs Against Defendant San Bernardino County Sheriff's Department Twin Peaks Patrol Station)**

37. Plaintiffs hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 36, inclusive.

38. Defendants **"abused a position of authority"** Plaintiff & Family cannot trust Sheriff's to do their job. Instead of helping Plaintiff & Family,

PAGE 14

Defendant turned against Plaintiff & Family and gave Plaintiff's son Jeff Macy ticket for trash. The ticket was appealed and won on appeal.

39. Defendants had already known Plaintiff was **"particularly vulnerable to emotional distress"**. Plaintiff Lynn Macy has Dementia and is elderly. California Penal Code § 368 PC defines elder abuse as the physical or emotional abuse, neglect, or financial exploitation of a victim 65 years of age or older. Defendants have neglected to help Plaintiff & Family.

40. Defendants, **"knew that their conduct will likely result in emotional harm".** Defendant actions described in this Complaint were intentional, extreme, and outrageous. County Defendant is actively covering up for other County Organizations and not helping protect Plaintiff & Family against said crimes.

41. Plaintiff is further informed and believes and here-in alleges that such actions were done with intent to cause serious emotional distress and were done with reckless disregard of the probability of causing Plaintiffs serious emotional distress.

42. The conduct of the Defendants was despicable, abuse of power, abuse of authority, oppressive, and accomplished with a conscious disregard for Plaintiff & Family's rights.

43. As a proximate result of the Defendant's actions and inactions; Plaintiff Lynn Macy incurred damages in the form of psychological and emotional injuries, including, without limitation, pain and suffering, sleep deprivation, humiliation, all of which are continuing and damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

## THIRD CAUSE OF ACTION

### Cover Up

PAGE 15

**(By Plaintiffs Against Defendant San Bernardino County Sheriff's Department Twin Peaks Patrol Station)**

44. Plaintiffs hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 43, inclusive.

45. Defendant's County Sheriffs are not showing up, not doing their job, "Police Misconduct" to Macy Land to help Plaintiff & Family because Defendant already knows it's County CSA-18 committing crimes. County Sheriffs are not investigating County CSA-18 as part of continued cover up.

46. Defendant's County Sheriffs are not calling back in regards to what's happening on Plaintiff's property. "We (County Sheriff's) don't normally arrest County employees." When the Defendant Sheriff's Department found out that San Bernardino County CSA-18 Special Districts were the ones doing criminal activity on Plaintiff's private property; County Sheriffs stopped helping the Plaintiff & Family.

47. County CSA-18 has admitted to cutting & taking Plaintiff's cables down, signs, causing broken multiple glass lights; causing a dangerous, hazardous condition on Plaintiff's road, & harassed the Plaintiff & Family multiple times. "Police against Community mentality."

48. Instead of the Defendant's correcting County CSA-18's wrongdoings, Defendants are helping San Bernardino County cover up numerous crimes.

49. Plaintiff's son Jeff Macy called Defendant County Sheriff's on 3/7/2024 about Cedarpines Park Mutual Water Company for trespassing on Plaintiff's property. Plaintiff & Family have survey & authority to show

where survey markers are located, but the Defendant County Sheriff's never called back or showed up to help.

50. For the good of the community, anyone that is involved in this cover up and widespread corruption should be retrained, suspended or fired.

51. Defendant's authorities to the best of Plaintiff's knowledge has failed to do any and all investigations or resolutions to this day!

52. Defendant's County Sheriff Officer Maestas has not investigated on many occasions when called or "if" shows up to MacyLand. Plaintiff & Family are being targeted for being a non-profit Religious Facility & Religious Organization. **1611** Bible Translator & Scribes Macy Family. County Sheriff Maestas showed up for felony theft allegations of Macy Family Property numerous times. Plaintiff & Family has lost many chains, cables, glass lights, signs, & cameras. County is trying to take Plaintiff's Property for free. County Sheriffs are helping to cover up for County. Plaintiff & Family has called at least **6**x, without Defendant's County Sheriffs showing up. County Sheriffs have stopped coming out to MacyLand to help Macy Family, because County Sheriffs are covering up for County CSA-**18**.

### FOURTH CAUSE OF ACTION

**Failure to do Public Record's Requests**

**(By Plaintiffs Against Defendant San Bernardino County Sheriff's**

**Department Twin Peaks Patrol Station)**

53. Plaintiffs hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph **1** through **52**, inclusive.

54. There are numerous incident reports & County Sheriff reports. Defendant County Sheriff's Department is still failing to give Plaintiff's public records requests.

55. Defendants violated Government Code (GC) sections **6250-6270** failure to complete request within the **10** days to this day.

56. Defendants failed to do a public records request as requested by Plaintiff multiple times.

57. Plaintiff has requested numerous times for documents as well as recordings from Defendant. Defendant has failed to follow the **10**-day legal requirement to disclose and provide the documents to Plaintiff as requested.

58. All Public Records Requests will be handled in a timely manner: The PRA requires public agencies to initially respond to a request for records within ten calendar days (this time limit may be extended by 14 days in certain circumstances). CSD will inform the requestor of the status of the request within ten days, & further inform the requestor of an estimated timeframe for completion. Section 6253 of the Government Code, which sets forth the 10-day compliance period under the Public Records Act, simply states that a response shall be made "within 10 days from receipt of the request." Defendants has not followed or responded to any Public Records Requests made by Plaintiff & Family.

59. Defendant has failed to fulfill public records request from Plaintiff for what regulations Defendant has and who made the regulations; for Defendant to not follow the laws.

<u>**FIFTH CAUSE OF ACTION**</u>

PAGE 18

**Municipal and Supervisory Liability (42 U.S.C. § 1983)**

**(By Plaintiffs Against Defendant San Bernardino County Sheriff's Department**

**Twin Peaks Patrol Station)**

60. Plaintiffs hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 58, inclusive.

61. Defendant's maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling & disciplining the intentional conduct by County Sheriff Officers.

62. Defendant County Sheriff Officers together with various other officials whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with no respect of the constitutional rights of Plaintiff & Family.

63. By reason of the aforementioned policies and practices of Defendants, Plaintiffs incurred damages in the form of thousands of dollars lost and emotional injuries, including, without limitation, humiliation, all of which are continuing and damage to reputation. Plaintiffs' actual damages will be ascertained at trial.

64. The policies, practices, and customs implemented and maintained & still tolerated by Defendant were affirmatively linked to and were significantly influential forces behind the Plaintiff receiving more tickets

from County Code Enforcement trying to wrongfully extort more money from Plaintiff.

65. Defendant has allowed County Sheriff Officers to deprive Plaintiff Lynn Macy of her rights and liberties secured to her by the 4th and 14th Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives acting with gross negligence and with reckless and deliberate indifference to the safety, rights, and liberties of the public in general and of Plaintiff Lynn Macy, and of persons in their class, situation and comparable position, in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as county officials and other personnel, including County Sheriff Officers at all times material herein knew or reasonably should have known had propensities for abusing their authority and for mistreating citizens by failing to follow their code of ethics;

(b) Inadequately supervising, training, controlling, assigning and disciplining County Sheriff Officers and other personnel, each knew or in the exercise of reasonable care should have known the aforementioned propensities and character traits;

(c) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling, and disciplining the intentional conduct by County Sheriff Officers and other personnel;

(d) Failing to adequately train County Sheriff Officers including Defendant San Bernardino County Sheriff's Department Twin

PAGE 20

Peaks Patrol Station and failing to institute appropriate policies regarding constitutional procedures and practices.

66. Defendant had either actual of constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, the Defendant condones, tolerated and through actions and inactions thereby ratified such policies. Said Defendant also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff Lynn Macy and other individuals similarly situated.

**SIXTH CAUSE OF ACTION**

**NEGLIGENCE**

**(By Plaintiffs Against Defendant San Bernardino County Sheriff's Department Twin Peaks Patrol Station)**

67. Plaintiffs hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 65, inclusive.

68. Defendants were negligent in training County Sheriff Officers. Officers know their name tags (identification) has to be clearly visible. Defendant's County Sheriff Officers also did not provide a business card or proof of identification.

69. Defendant's Captain also refuses to have meeting with Plaintiff & Family about Theft, Trespassing, Harassment, and all above said violations against Plaintiff & Family done by other County Officials.

70. Defendant was negligent. County Sheriff Officers know County Officers need to identify themselves. County Sheriff Officer's failed to identify

themselves as per Macy's video evidence & testimonies. Doornbos v. City of Chicago (**2017**)

71. Plaintiff's neighbor Mark Eason admitted to shooting rattlesnake with Eason's shotgun on Plaintiff's property. Mark Eason also admitted to placing rattlesnake **10'** clearly onto Plaintiff's property; on top of a round log, in plain sight. Mark Eason even admitted to Defendant's Officer County Sheriff Maestas that Mark Eason shot rattlesnake outside in public, but was not arrested or given a ticket. Case #**052001280**. County Sheriff Maestas should have arrested Mark Eason for admitting to using shotgun on Plaintiff's Property to kill Rattlesnake & throw on Plaintiff's log. Instead, continued history of failure of duty, negligence, & Police Misconduct. Pattern of County Sheriffs not doing their job. Plaintiff's son Jeff Macy even asked County Sheriff Maestas to remove rattlesnake, which County Sheriff Maestas would not do.

72. On Christmas Eve at around **8:15** PM Defendant's County Sheriff Maestas showed up at Plaintiff & Family's residence to give Jeff Macy a citizen's arrest ticket for trashed, broken up, faded ½ of sign, picked up, & cleaned off of Macy Family property weeks before. County Sheriff Maestas' Illegal Detainment of Jeff Macy for broken up, trashed, faded ½ of sign, ticket. Jeff Macy appealed false ticket & won on appeal. Another history of Police Misconduct, Negligence, & False Ticket.

### SEVENTH CAUSE OF ACTION

**CONSPIRACY**

**(By Plaintiffs Against Defendant San Bernardino County Sheriff's Department Twin Peaks Patrol Station)**

PAGE 22

73. Plaintiffs hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 71, inclusive.

74. 1. County Code Enforcement, 2. California Highway Patrol, 3. Burrtec, 4. Waste Management, 5. County Public Works, 6. County CSA-18 7. San Bernardino County Sheriff's Department are allegedly conspiring, targeting Plaintiff & Family's religious Yeshua Temple project with animus-based discrimination against their freedom of religion. Governmental agencies are targeting Plaintiff & Family; religious non-profit Christians, conspiring with other government organizations to deprive Plaintiff & Family of their civil rights and/or ability to build a Holy Temple. County Code Enforcement has given egregious notices, & have trespassed on Plaintiff's private property multiple times; with no warrants or court orders on Plaintiff's Mojave River Rd, CedarPines Park, CA 36-acre private property. County Public Works, County CSA-18 has cut down Plaintiff's cables at religious private property. Burrtec private trash company drives on Plaintiff's private Augusta Way road without permission. For years Burrtec has caused weight damage to Plaintiff & Family's private road from excessive weight from Burrtec trucks, which travel from **County SWMD** which is the County of San Bernardino's **S**olid **W**aste **M**anagement **D**ivision; that Waste Management has willingly allowed to extort more money. Defendant's County Deputy Sheriff Officer Robert Maestas gave Plaintiff's son Jeff Macy an illegal ticket for picking up trash. Plaintiff & Family put trash in Macy family trash truck, from own Macy's private property. On Christmas evening, for a claim made a week earlier by an unknown neighbor said had verbal permission to report broken sign on Plaintiff's property as stolen trash? Defendant's County Deputy Sheriff

Officer Robert Maestas said, "I didn't want to give you a ticket, but captain made me do it, ...don't want to arrest you; but you will have to appear in court to contest it." Jeff Macy, with whole family & Plaintiff present collecting trash testified to County Officer it was trash in a trash pile on Plaintiff's private property, out of sight, no neighbors live in view of where Plaintiff & Family were picking up trash on Plaintiff's property. Macy's had to worry, still had threat of going to jail for picking up trash that County Code Enforcement said Plaintiff had to clean within **30** days. The ticket was dismissed by the District Attorney. This was illegal detainment, & another example of conspiracy & harassment being alleged. Defendant County Sheriff's Department illegally detained and ticketed Jeff Macy without any witness or suspects identification procedure. Right to confront witness of false allegation. These are all Law Enforcement agencies; coordinated attacks against Macy's free Yeshua Temple project.

75. Legally, a Conspiracy exists when **2** or more persons join together and form an agreement to violate the Law, & then act on that agreement.

**WHEREFORE,** Plaintiffs pray judgment against Defendants as follows:

1. For compensatory damages of $**100,000**. if settled before trial:

2. For punitive damages on those claims where it is available pursuant to law in an amount sufficient to punish, deter and make an example of the Defendants;

3. For interest on those claims where it is available under law;

PAGE 24

4. For an order awarding PLAINTIFFS their reasonable attorney's fees as to Plaintiffs civil rights claim pursuant to 42 U.S.C. § 1988, including litigation costs and expenses;

5. For cost of suit; and

6. For such other and further relief as this Court may deem to be just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury.


Respectfully Submitted,

By Plaintiff: _____

Lynn Macy

PAGE 25